# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| U.S. Commodity Futures Trading Commission,<br><br>Plaintiff,<br><br>v.<br><br>Trevor Cook d/b/a Crown Forex, LLC, Patrick Kiley d/b/a Crown Forex, LLC, Universal Brokerage FX and Universal Brokerage FX Diversified, Oxford Global Partners, LLC, Oxford Global Advisors, LLC, Universal Brokerage FX Advisors, LLC f/k/a UBS Diversified FX Advisors, LLC, Universal Brokerage FX Growth, L.P. f/k/a UBS Diversified FX Growth L.P., Universal Brokerage FX Management, LLC f/k/a UBS Diversified FX Management, LLC and UBS Diversified Growth, LLC,<br><br>Defendants. | No. 09 SC 3332MJD/JJK |

### AGREED ORDER FOR PERMANENT INJUNCTION AND OTHER ANCILLARY RELIEF AS TO DEFENDANT UNIVERSAL BROKERAGE FX GROWTH, L.P. f/k/a UBS DIVERSIFIED FX GROWTH, L.P. (DOCKET NO.: 283)

## I. INTRODUCTION

1.  On November 23, 2009, Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") filed a Complaint against Defendants Trevor Cook d/b/a Crown Forex, LLC ("Cook"), Patrick Kiley d/b/a Crown Forex, LLC, Universal Brokerage FX and Universal Brokerage FX Diversified ("Kiley"), Oxford Global

1

Partners, LLC ("OGP"), Oxford Global Advisors, LLC ("OGA"), Universal Brokerage FX Advisors, LLC f/k/a UBS Diversified FX Advisors, LLC ("UBFXA"), Universal Brokerage FX Growth, L.P. f/k/a UBS Diversified FX Growth, L.P. ("UBFXG"), Universal Brokerage FX Management, LLC, f/k/a UBS Diversified FX Management, LLC ("UBFXM"), and UBS Diversified Growth, LLC ("UBSDG"), seeking injunctive and other equitable relief, as well as the imposition of civil penalties, for violations of the Commodity Exchange Act, ("Act") as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), § 13102, 122 Stat. 1651 (enacted June 18, 2008), to be codified at 7 U.S.C. §§ 1 *et seq*. This Court entered an *ex parte* statutory restraining order against Defendants on November 23, 2009 and an order for preliminary injunction against Defendant UBFXG on December 8, 2009.

2. Defendant UBFXG, having entered a general appearance, has consented to the Court's jurisdiction over Defendant UBFXG and the subject matter of this action; consented to entry of this Agreed Order For Permanent Injunction and Other Ancillary Relief As To Defendant Universal Brokerage FX Growth, L.P. ("Agreed Order") without admitting or denying the allegations of the Complaint (except as to jurisdiction and venue, which UBFXG admits); waived findings of fact and conclusions of law; and waived any right to appeal from this Agreed Order.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. **Jurisdiction and Venue**

1.      This Court has jurisdiction over the subject matter of this action and Defendant UBFXG pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2.      Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), in that Defendant UBFXG maintained offices in this District and the acts and practices in violation of the Act have occurred within this district.

**B.      Parties To This Agreed Order**

3.      Plaintiff Commodity Futures Trading Commission is an independent federal regulatory agency that is charged by Congress with administering and enforcing the Act, 7 U.S.C. §§ 1 *et seq.*, and the regulations promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq.* (2009).

4.      Defendant UBFXG's is a Minnesota limited partnership formed in November 2007. Its main offices were located at 12644 Tiffany Court, Burnsville, Minnesota. Defendant UBFXG is no longer operating. Defendant UBFXG has never been registered with the Commission in any capacity.

## III. PERMANENT INJUNCTION

**IT IS HEREBY ORDERED THAT:**

**A. PROHIBITIONS AGAINST VIOLATIONS OF THE ACT**

1. Defendant UBFXG is permanently restrained, enjoined and prohibited, from directly or indirectly:

   A. Cheating, defrauding or willfully deceiving, or attempting to cheat, defraud or willfully deceive, other persons in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, or other agreement, contract or transaction subject to paragraphs (1) and (2) of Section 5a(g) of the Act, that is made, or to be made, for or on behalf of, or with, any other person, other than on or subject to the rules of a designated contract market, in violation of Sections 4b(a)(2)(A) and (C) of the Act as amended by the CRA, to be codified at 7 U.S.C. §§ 6b(a)(2)(A) and (C); and

   B. Willfully making or causing to be made to other persons false reports or statements, or willfully entering or causing to be entered for other persons false records, in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, or other agreement, contract or transaction subject to paragraphs (1) and (2) of Section 5a(g) of the Act, that is made, or to be made, for or on behalf of, or

with, any other person, other than on or subject to the rules of a designated contract market, in violation of Section 4b(a)(2)(B) of the Act as amended by the CRA, to be codified at 7 U.S.C. § 6b(a)(2)(B).

2. Defendant UBFXG is also permanently restrained, enjoined and prohibited from engaging, directly or indirectly, in:

A. Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29) (2006));

B. Entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 32.1(b)(1), 17 C.F.R. § 32.1(b)(1) (2009)) ("commodity options"), and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act as amended by the CRA, to be codified at 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts") for their own personal account or for any account in which they have a direct or indirect interest;

C. Having any commodity futures, options on commodity futures, commodity options, and/or forex contracts traded on their behalf;

D. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, and/or forex contracts;

E. Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, and/or forex contracts;

F. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2009); and

G. Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2009)), agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2009).

## IV. RESTITUTION, DISGORGEMENT AND CIVIL MONETARY PENALTY

1. Upon motion of the Commission, the Court shall determine whether it is appropriate to order Defendant UBFXG to pay disgorgement of ill-gotten gains, restitution, and a civil monetary penalty pursuant to Section 6c of the Act, and if so, the amount(s) of the disgorgement and/or civil penalty. The Court shall determine the amounts of the disgorgement, restitution and civil monetary penalty upon motion of the Commission. Prejudgment interest shall be calculated from June 22, 2009, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's

motion for disgorgement, restitution and a civil monetary penalty, and at any hearing held on such motion: (a) Defendant UBFXG will be precluded from arguing that it did not violate the Act, as amended by the CRA, as alleged in the Complaint; (b) Defendant UBFXG may not challenge the validity of this Consent or the Agreed Order; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement, restitution and a civil monetary penalty, the parties may take discovery, including discovery from appropriate non-parties.

## V.  MISCELLANEOUS PROVISIONS

1. All notices required to be given by any provision in this Order or the Consent of Defendant Universal Brokerage FX Growth, L.P. shall be sent certified mail, return receipt requested, as follows:

Notice to Commission:

>  Associate Director
>  Division of Enforcement - Central Region
>  Commodity Futures Trading Commission
>  525 West Monroe Street, Suite 1100
>  Chicago, Illinois 60661

Notice to Defendant UBFXG:

>  RJ Zayed

Temporary Receiver
on Behalf of Universal Brokerage FX Growth, L.P.
Carlson, Caspers, Vandenburgh
& Lindquist
225 South Sixth Street, Suite 3200
Minneapolis, MN 55402
(612) 436-9643
(612) 436-9605 FAX
rzayed@ccvl.com

2. In the event that Defendant UBFXG changes its residential or business telephone number(s) and/or address(es) at any time, they shall provide written notice of the new number(s) and/or address(es) to the Commission within twenty (20) calendar days thereof.

3. The Consent of Defendant Universal Brokerage FX Growth, L.P. is incorporated herein with the same force and effect as if fully set forth herein, and Defendant UBFXG shall comply with all of the undertakings and agreements set forth therein.

4. This Court shall retain jurisdiction of this matter for all purposes related to this action, including the purpose of enforcing the terms of this Agreed Order.

5. RJ Zayed, as Temporary Receiver appointed pursuant to this Court's Order, is authorized, empowered, and directed to sign and submit the Consent of Defendant Universal Brokerage FX Growth, L.P. on behalf of Defendant UBFXG.


Dated:  May 5, 2010                             s/ Michael J. Davis
                                                Chief Judge Michael J. Davis
                                                United States District Court