UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

U.S. COMMODITY FUTURES
TRADING COMMISSION,

      Plaintiff(s)               Case No:     09-cv-3332 MJD/FLN

v.

TREVOR COOK d/b/a CROWN
FOREX, LLC, PATRICK KILEY d/b/a
CROWN FOREX, LLC, UNIVERSAL
BROKERAGE FX and UNIVERSAL
BROKERAGE FX DIVERSIFIED, OXFORD
GLOBAL PARTNERS, LLC, OXFORD
GLOBAL ADVISORS, LLC, UNIVERSAL
BROKERAGE FX ADVISORS, LLC f/k/a
UBS DIVERSIFIED FX ADVISORS, LLC,
UNIVERSAL BROKERAGE FX
GROWTH, L.P. f/k/a UBS DIVERSIFIED FX
GROWTH L.P., UNIVERSAL BROKERAGE
FX MANAGEMENT, LLC f/k/a UBS
DIVERSIFIED FX MANAGEMENT, LLC
and UBS DIVERSIFIED GROWTH, LLC,

              Defendant(s)

R.J. ZAYED,

              Receiver.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,   Case No:   09-cv-3333 MJD/FLN

       Plaintiff(s)

v.

TREVOR G. COOK,
PATRICK J. KILEY,
UBS DIVERSIFIED GROWTH, LLC,
UNIVERSAL BROKERAGE FX
MANAGEMENT, LLC,
OXFORD GLOBAL ADVISORS, LLC,
and OXFORD GLOBAL PARTNERS, LLC,

       Defendants

   and

BASEL GROUP, LLC,
CROWN FOREX, LLC,
MARKET SHOT, LLC,
PFG COIN AND BULLION,
OXFORD DEVELOPERS, S.A.,
OXFORD FX GROWTH, L.P.,
OXFORD GLOBAL MANAGED
FUTURES FUND, L.P., UBS DIVERSIFIED
FX ADVISORS, LLC, UBS DIVERSIFIED
FX GROWTH, L.P., UBS DIVERSIFIED
FX MANAGEMENT, LLC, CLIFFORD
BERG, and ELLEN BERG,

       Relief Defendants.

R.J. ZAYED,

       Receiver.

# ORDER APPROVING
# INTERIM DISTRIBUTION PLAN
# AND CLAIM FINALIZATION PROCEDURES

The Court-appointed Receiver, R.J. Zayed, has moved for entry of an Order approving the Receiver's plan to make an interim distribution in these civil cases of $2,250,000.00 to investors who lost money to Trevor Cook's Ponzi scheme (Docket Nos.: 493 and 537). The Receiver further moves for an Order approving his plan to finalize all claims for civil restitution and claims for payment by other creditors of the Receiver Estates. The Court having considered the pleadings, files and records before it, and being fully advised in the premises,

**IT IS HEREBY ORDERED THAT:**

(1) The Receiver's motion is granted.

(2) The Clerk of Court is hereby authorized to accept funds from the Receiver in the amount of $2,250,000.00 into the Court Registry in an interest bearing account.

(3) The Receiver shall make an interim distribution in these civil cases of $2,250,000.00 to the 668 investors whose losses have been verified by the Receiver. This proposed civil interim distribution shall be made on a *pro rata* basis, such that every investor's interim payout will be proportionate to his or her verified loss in Cook's scheme.

(4) The civil interim distribution shall be effectuated through the Clerk of Court for the United States District Court for the District of Minnesota ("Clerk of Court").

(5) Upon entry of this Order, the Clerk of Court shall issue a check to each of the 668 investors identified on the Receiver's civil interim distribution list in the *pro rata* amount calculated by the Receiver. Each check shall be accompanied by a letter from the Receiver informing the investor of the amount of his or her recognized claim for civil restitution. This letter also shall explain the process for accepting or challenging the Receiver's recognized claim amount and the deadline for doing so.

(6) On April 12, 2010, Trevor Cook caused $363,700.00 in Receivership funds to be turned over to the FBI. These funds subsequently were deposited into the Court Registry for the United States District Court. The Court has authorized these Receivership funds, plus any earned interest on those funds, to be used for criminal restitution in *United States of America v. Trevor Gilson Cook*, 10-cr-00075 (D. Minn. 2010).

(7) Upon completion of his investigation of claims for civil restitution by employee investors, the Receiver shall attempt to contact these individuals by U.S. Mail to inform them of the claim amount the Receiver has recognized. This mailing also shall explain the process and deadline for challenging the Receiver's recognized claim amount and the deadline for doing so. Employee investors shall not be included in the Receiver's civil interim distribution.

(8) The Receiver shall attempt to contact by U.S. Mail the individuals and entities that the Receiver has identified as possible victims of Cook's fraud,

but who have not submitted a claim for civil restitution.  This mailing shall explain how to submit and substantiate a claim for civil restitution to the Receiver and the deadline for doing so.

(9) Any victims of Cook's fraud who have not yet been identified by the Receiver, and any other creditors of Receiver Estates, such as trade creditors, who claim they are owned remuneration for goods sold or services provided to the Receiver Estates prior to November 23, 2009, will be deemed to have been notified by publication of the existence of these cases and the process and deadline for submitting a claim to the Receiver.

(10) Friday, January 14, 2011, is the final date by which all claims for civil restitution and claims for payment to other creditors of the Receiver Estates, such as trade creditors, must be submitted to the Receiver ("Claim Bar Date").  Any claim for civil restitution or payment to non-investor creditors that is not submitted to the Receiver by January 14, 2011, will be barred.  The exception to the Claim Bar Date will be any claims for civil restitution arising from clawback litigation initiated by the Receiver that have not been resolved by the Claim Bar Date.

(11) The Receiver shall post the Notice of Claim Bar Date on the Receiver's website and shall request that the United States District Court, the SEC, the CFTC, the FBI, and the U.S. Attorney publish the Notice of Claim Bar Date on their respective websites.

(12) The Receiver shall publish the Notice of Claim Bar Date in the Minneapolis Star Tribune, the St. Paul Pioneer Press, and Investor's Business Daily on two separate days in each publication.

(13) The Receiver shall review any new claim for civil restitution and respond in writing with an explanation of the amount of the claim the Receiver recognizes and the process for accepting or challenging that figure.

(14) Any claimant who receives a letter from the Receiver detailing his or her recognized claim amount for civil restitution shall have thirty (30) days from the date of the Receiver's letter to challenge the recognized claim amount. This process will apply equally to all claimants for civil restitution, whether they are a part of the civil interim distribution or later recognized as having a verified claim. Any challenging claimant must submit to the Receiver a sworn statement detailing the basis for the challenge and a complete listing of the dates and amounts of his or her deposits to and receipts from the Receiver Estates, along with documentation to support the sworn statement. Challenges that are not submitted to the Receiver within the thirty (30) day period will be denied.

(15) Upon receipt of a timely challenge of a recognized claim amount for civil restitution, the Receiver shall review any new information and advise the claimant in writing of his decision. Any claimant who wishes to appeal the Receiver's decision on a challenge shall have the opportunity to bring that issue to the Court.

(16) Any claimant who receives a letter from the Receiver detailing his or her recognized claim amount and does not challenge it within the thirty (30) day period shall be deemed to have accepted the recognized amount and that recognized claim amount will be entered by the Court as the final claim amount.

(17) On or before March 15, 2011, the Receiver shall file a motion with the Court seeking entry of the Receiver's recognized claim amounts for all settled and undisputed claims.  At the same time, the Receiver shall file a complete list of all unresolved claims for civil restitution and the current status of any settlement negotiations or summary proceedings relating to those claims.  The Receiver shall also ask the Court to establish a process for judicial resolution of any remaining challenges to the Receiver's recognized claim amounts for civil restitution.

SO ORDERED.

Date:  November 1, 2010　　　　　　　　　　　　s/ Michael J. Davis
　　　　　　　　　　　　　　　　　　　　　　　Chief Judge Michael J. Davis
　　　　　　　　　　　　　　　　　　　　　　　United States District Court

5