UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| U.S. Commodity Futures Trading Commission, | Civil No. 09-3332 (MJD/FLN) |
| Plaintiff, | |
| v. | **REPORT AND** |
| Trevor Cook, et al., | **RECOMMENDATION** |
| Defendants. | |

___

David Slovick for Plaintiff.
Defendant Patrick J. Kiley, *Pro Se*.

___

**THIS MATTER** came before the undersigned United States Magistrate Judge on January 21, 2011 on Defendant Kiley's Motion to Dismiss Complaint (ECF No. 547). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends that the motion be **DENIED**.

## I. BACKGROUND

On November 23, 2009, the United States Commodity Futures Trading Commission ("CFTC" or "Plaintiff") filed a complaint against Defendants alleging they had "engaged in a massive investment fraud." (Compl. ¶ 1.) The CFTC claims that Defendants "have cheated, defrauded and deceived or attempted to cheat, defraud or deceive their retail forex customers by making material misrepresentations and/or failing to disclose material facts to their retail forex customers and by misappropriating their funds" in violation of the Commodity Exchange Act. (Compl. ¶ 51.) The complaint describes Defendant Patrick Kiley ("Defendant Kiley") as owner,

manager and senior partner of various Defendant entities. (Compl. ¶ 18.) The CFTC further asserts that "[f]rom at least June 2008 through July 2009, Kiley solicited the public to invest in Defendants' forex arbitrage trading program through a radio show that he hosted from his home in Burnsville, Minnesota . . . ." (Compl. ¶ 25.)

Defendant Kiley has now moved to dismiss the complaint against him.

## II.   RELEVANT LEGAL STANDARD

In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir. 2002). Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions that are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989). To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and may not merely state legal conclusions. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must contain enough facts to state a claim for relief that is "plausible on its face," and a claim has facial plausibility only when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 570; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plausibility standard is not akin to a "probability requirement," but it calls for more than a sheer possibility that a defendant has

acted unlawfully. *Iqbal*, 129 S. Ct. at 1949.

In sum, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Where the court finds that the facts alleged "do not permit the court to infer more than the mere possibility of misconduct," the pleader is not entitled to relief. *Id.*, citing Fed. R. Civ. P. 8(a)(2).

### III.  LEGAL ANALYSIS

Here, in order to survive the motion to dismiss, Plaintiff's claims against Defendant Kiley must be facially plausible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  The facts alleged must allow this Court to draw a reasonable inference that Defendant Kiley is liable for the misconduct alleged. *Id.*

**A.    Jurisdiction**

Defendant Kiley argues that the CFTC does not have jurisdiction over his marketing activities because the transactions at issue were not futures contracts. The Commodity Exchange Act, as amended by the CFTC Reauthorization Act of 2008, provides that Sections 4(b) and 4b (7 U.S.C. §§ 6(b) and 6b) "shall apply to any agreement, contract, or transaction described in clause (i) of this subparagraph as if the agreement, contract, or transaction were a contract of sale of a commodity for future delivery." 7 U.S.C. § 2(c)(2)(C)(iv). Section 4b(a) of the Act (7 U.S.C. § 6b) states that it is unlawful:

> (2) for any person, in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, or other agreement, contract, or transaction subject to paragraphs (1) and (2) of [section 5a(g)], that is made, or is to be made, for or on behalf of, or with, any other person, other than on or subject to the rules of a designated contract market –
> (A) to cheat or defraud or attempt to cheat or defraud the other person; [or]
> . . .
> (C) willfully to deceive or attempt to deceive the other person by any means whatsoever in regard to any order or contract or the disposition or execution of any

> order or contract, or in regard to any act of agency performed, with respect to any order or contract for or, in the case of paragraph (2), with the other person.

7 U.S.C. §§ 6b(a)(2)(A) and (C).

The CFTC has alleged that Defendant Kiley has violated the Commodity Exchange Act by making material misrepresentations and failing to disclose material facts to his retail forex customers. (Compl. ¶¶ 21-27, 49-55.) The CFTC has enforcement authority over the Act and Defendant Kiley's alleged conduct. *See* 7 U.S.C. §§ 2 and 13c. Moreover, Judge Michael J. Davis previously determined that this Court has jurisdiction over the subject matter of this action and Defendant Kiley pursuant to 7 U.S.C. § 13a-1. (ECF No. 75 at 2.) Jurisdiction in this Court is proper.

**B.     Rule 9(b) Pleading Standard**

Defendant Kiley also argues that the CFTC has failed to meet the pleading standard of Rule 9(b) in asserting its fraud claims against him. Rule 9(b) of the Federal Rules of Civil Procedure requires that "the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). According to the Eighth Circuit Court of Appeals, the Rule means a party must plead "such matters as the time, place and contents of false representations, as well as the identity of the person making the representation and what was obtained or given up thereby." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (internal citations and quotations omitted). A plaintiff must ultimately plead the "who, what, where, when and how" of the fraud, because "conclusory allegations" will not suffice. *Id.* At the same time, Rule 9(b) is to be read "in harmony with the principles of notice pleading," so as to permit defendants to "respond specifically, at an early stage of the case, to potentially damaging allegations of immoral or criminal conduct." *Id.* Thus, the degree of particularity required in a given case depends on, among other things, the nature of the case and the relationship between the parties. *Id.*

The Court finds that Plaintiff has pled fraud with sufficient particularity to meet the requirements of Rule 9(b) and survive the instant motion to dismiss. Here, the facts alleged permit the Court to reasonably infer that Defendant Kiley is liable for fraud under the Commodity Exchange Act. In the complaint, the CFTC asserts that, from at least "June 2008 through July 2009, Kiley solicited the public to invest in Defendants' forex arbitrage trading program through a radio show that he hosted from his home in Burnsville, Minnesota . . . ." (Compl. ¶ 25.) Plaintiff alleges that, on his radio show, Defendant Kiley misrepresented that "investor funds were held in private[,] segregated accounts," that "investments were fully liquid and could be redeemed at any time," and that "invested funds earned double digit returns." (Compl. ¶ 25.) According to the CFTC, "[a]t least four customers invested with Defendants as a result of listening to Kiley's representations on his radio show." (Compl. ¶ 25.)

The complaint further states that Defendants provided customers with account statements that "consistently reflected that customers were earning 10-12% per year with no losses when, in fact, on information and belief, Defendants did not achieve the purported profits reflected in these customer account statements." (Compl. ¶ 27.) As reported by the CFTC, Defendant Kiley, along with Defendant Cook, "provided at least six investors with a brochure" that represented that "because the transaction is done on the same interbank market, the positions offset, eliminating all market risk." (Compl. ¶ 26.) Plaintiff claims that the representations in the brochure and profits reflected in account statements induced customers to invest with Defendants. (Compl. ¶¶ 26 and 27.)

In addition, the complaint describes Defendant Kiley's alleged fraudulent misappropriation of customer funds (Compl. ¶¶ 28–30, 39) and his independent liability under Section 13(b) of the Act (7 U.S.C. § 13c(b)) as a controlling person of various Defendant entities (Compl. ¶¶ 46–48, 53,

60).

Drawing all reasonable inferences in favor of Plaintiff from the facts alleged, the Court finds that the CFTC has pled fraud with particularity sufficient to satisfy Rule 9(b). As required, the complaint identifies "the time, place and contents" of Defendant Kiley's false representations "as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Mitec Partners v. U.S. Bank Nat'l Ass'n*, 605 F.3d 617, 622 (8th Cir. 2010). The Court finds that Plaintiff has alleged adequate facts to support its fraud based claims against Defendant Kiley.

**C.     Factual Disputes**

Lastly, Defendant Kiley disputes the facts alleged by the CFTC. Defendant Kiley argues that the Court should dismiss Count One of the complaint because "he had no knowledge of the fraud" and "believed everything that he said on the radio program, at the time he said it." (ECF No. 548 at 9.) Similarly, he argues that the Court should dismiss Count Two of the complaint because "he did not perform any duties relating to misstating accounts or keeping fraudulent records of accounts." (ECF No. 548 at 10.) "Questions of good faith and lack of knowledge, while potentially viable arguments for the defense at summary judgment, are irrelevant" to the Court's decision at the pleadings stage. *Lustgraaf v. Behrens*, 619 F.3d 867, 877 (8th Cir. 2010). Defendant Kiley's argument raises questions of fact that are not properly before the Court on the instant motion to dismiss and that must be reserved for the fact-finder.

The CFTC's claims against Defendant Kiley set forth in the complaint are sufficient to survive the motion to dismiss. The Court therefore finds no basis upon which to dismiss the complaint. For the reasons articulated herein, Defendant Kiley's motion should be denied.

**IV.     RECOMMENDATION**

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant Kiley's Motion to Dismiss Complaint (ECF No. 547) be **DENIED**.

DATED: March 10, 2011            *s/ Franklin L. Noel*
                                 FRANKLIN L. NOEL
                                 United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 24, 2011**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **March 24, 2011,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.