UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

U.S. COMMODITY FUTURES
TRADING COMMISSION,

       Plaintiff,                     Case No:     09-cv-3332 MJD/FLN

v.

TREVOR COOK d/b/a CROWN
FOREX, LLC, PATRICK KILEY d/b/a
CROWN FOREX, LLC, UNIVERSAL
BROKERAGE FX and UNIVERSAL
BROKERAGE FX DIVERSIFIED, OXFORD
GLOBAL PARTNERS, LLC, OXFORD
GLOBAL ADVISORS, LLC, UNIVERSAL
BROKERAGE FX ADVISORS, LLC f/k/a
UBS DIVERSIFIED FX ADVISORS, LLC,
UNIVERSAL BROKERAGE FX
GROWTH, L.P. f/k/a UBS DIVERSIFIED FX
GROWTH L.P., UNIVERSAL BROKERAGE
FX MANAGEMENT, LLC f/k/a UBS
DIVERSIFIED FX MANAGEMENT, LLC
and UBS DIVERSIFIED GROWTH, LLC,

                Defendants,

R.J. ZAYED,

                Receiver.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,        Case No:    09-cv-3333 MJD/FLN

        Plaintiff,

v.

TREVOR G. COOK,
PATRICK J. KILEY,
UBS DIVERSIFIED GROWTH, LLC,
UNIVERSAL BROKERAGE FX
MANAGEMENT, LLC,
OXFORD GLOBAL ADVISORS, LLC,
and OXFORD GLOBAL PARTNERS, LLC,

        Defendants

    and

BASEL GROUP, LLC,
CROWN FOREX, LLC,
MARKET SHOT, LLC,
PFG COIN AND BULLION,
OXFORD DEVELOPERS, S.A.,
OXFORD FX GROWTH, L.P.,
OXFORD GLOBAL MANAGED
FUTURES FUND, L.P., UBS DIVERSIFIED
FX ADVISORS, LLC, UBS DIVERSIFIED
FX GROWTH, L.P., UBS DIVERSIFIED
FX MANAGEMENT, LLC, CLIFFORD
BERG, and ELLEN BERG,

        Relief Defendants.

R.J. ZAYED,

        Receiver.

# ORDER ENTERING
# RECOGNIZED CLAIM AMOUNTS AND APPROVING
# PROCESS FOR JUDICIAL RESOLUTION OF DISPUTED CLAIMS

Pursuant to paragraph 17 of the Court's Order Approving Interim Distribution Plan and Claim Finalization Procedures, SEC Docket No. 556 & CFTC Docket No. 514 (Nov. 1, 2010), the Receiver R.J. Zayed, has moved the Court for an Order (1) entering the Receiver's recognized claim amounts for all settled and undisputed claims, and (2) approving the Receiver's proposed plan for judicial resolution of the remaining disputed claims. The Court having considered the pleadings, files and records before it, and being fully advised on the premises,

**IT IS HEREBY ORDERED THAT** the motion is **GRANTED.**

(1) The Receiver's recognized claim amounts for the settled and undisputed claims attached as Amended Exhibit A to the Supplemental Declaration of Tara C. Norgard, dated April 4, 2011, are hereby entered as final.

(2) The following process shall be used to resolve the eight challenges to the Receiver's recognized claim amounts that currently are pending:

(a) On or before April 15, 2011, the Receiver shall file a motion asking the Court to resolve the claims which, as of that date, are in dispute.[1] The memorandum in support of this motion shall explain the basis for any dispute concerning the Receiver's recognized claim amount and include relevant documentation supporting that amount. The

---

[1] This procedure shall not apply to any claims for civil restitution that may arise out of pending or future clawback litigation. Any such later-arising claims shall be handled separately by the Receiver and, if necessary, the Court.

1

        memorandum shall be limited to three (3) pages per disputed claim. The Receiver shall serve a hard copy of this filing on each investor with a pending claim dispute at issue in the motion.

(b)    On or before April 22, 2011, each investor with a pending claim dispute identified in the Receiver's motion may file a memorandum of no more than three (3) pages with the Court, explaining the basis for his or her challenge to the Receiver's recognized claim amount, along with any additional documentation supporting such challenge. Challenging investors may file their memoranda and any exhibits conventionally, by delivering the documents to the Clerk of Court for the United States District Court for the District of Minnesota, 300 South Fourth Street, Minneapolis, MN 55415, by hand, overnight courier, or United States mail.  Challenging investors shall be advised that their filings with the Clerk of Court are public, and upon filing will be posted on the Court's Electronic Case Filing system.  Accordingly, challenging investors shall redact personal identifiers from their filing pursuant to Federal Rule of Civil Procedure 5.2, which is set forth below:

> Federal Rule of Civil Procedure 5.2. Privacy Protection For Filings Made with the Court
>
> (a)  Redacted Filings.
>
> Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's

>> social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
>
> (1) the last four digits of the social-security number and taxpayer-identification number;
> (2) the year of the individual's birth;
> (3) the minor's initials; and
> (4) the last four digits of the financial-account number.

(c) On April 29, 2011, beginning at 9:30 a.m., or at another time to be determined by the Court, Magistrate Judge Franklin L. Noel shall hold a hearing on the recognized claim amounts that are disputed by investors. Any challenging investor who wishes to do so may appear by phone. Challenging investors may have an attorney represent them in these proceedings, or they may represent themselves.

(3) After all disputed claims have been resolved, the Receiver shall file a final list of recognized claim amounts with the Court. All future distributions of civil restitution shall be made on a *pro rata* basis using the claim amounts entered in that final list, less any prior distributions or recoveries.

SO ORDERED.

Date:  April 5, 2011                                s/ Michel J. Davis
                                                    Chief Judge Michael J. Davis
                                                    United States District Court

3