# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

U.S. COMMODITY FUTURES
TRADING COMMISSION,
               Plaintiff,

v.                               Case No.     09-cv-3332 (MJD/FLN)

TREVOR COOK, *et al*.,
               Defendants,

R.J. ZAYED,
               Receiver.

---

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,
               Plaintiff,

*v.*                              Case No.     09-cv-3333 (MJD/FLN)

TREVOR G. COOK, *et al*.,
               Defendants,

R.J. ZAYED,
               Receiver.

---

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,
               Plaintiff,

v.                               Case No.     11-cv-574 (MJD/FLN)

JASON BO-ALAN BECKMAN, *et al*.,
               Defendants,

R.J. ZAYED,
               Receiver.

---

## STIPULATED PROTECTIVE ORDER

R.J. Zayed, as Court-appointed receiver in these cases (the "Receiver") and non-party Huber Financial Group, Ltd. ("Huber"), stipulate and move the Court for entry of this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of information produced in response to the Subpoena to Produce Documents, Information, or Objects served by the Receiver on Huber in this action, and any other subpoena or request for production of documents the Receiver may serve (the "Subpoenas"), and, as grounds therefore, stipulate and agree as follows:

1.      All documents, information, data, and other material produced or disclosed in response to the Subpoenas, whether or not designated as "Confidential Information," shall be used solely for purposes of this action or any other action brought by the Receiver in his capacities as Receiver in *CFTC v. Cook, et al.*, Civ. No. 09-cv-3332 (D. Minn.), *SEC v. Cook, et al.*, Civ. No. 09-cv-3333 (D. Minn.), and *SEC v. Beckman, et al.*, Civ. No. 11-cv-574 (D. Minn.) and shall not be disclosed or used for any other purpose. The terms of this Agreement shall apply to any documents, information, data, and other material produced or disclosed in response to the Subpoenas used in any other actions brought by the Receiver in his capacity as Receiver in the above-cited cases.  This Protective Order does not apply to any documents, information, data, and other material that is already in the possession, custody, or control of the Receiver (unless such information was previously supplied to the Receiver by Huber in response to an earlier subpoena or request, in which case it shall be treated as confidential in accordance with

paragraph 6) or that the Receiver obtains through any means other than from Huber in direct response to the Subpoenas.

2.      In the Subpoenas, the Receiver has sought Confidential Information (as defined in paragraph 3 below).  Huber asserts that the disclosure of such information except as permitted by this Stipulated Protective Order could result in significant injury to the business or privacy interests of Huber, its employees, customers, and/or the persons and entities that are the subject of the Subpoenas.  The Receiver and Huber thus have entered into a Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

3.      "Confidential Information" means any document, file, portions of files, or response to the Subpoenas—including any extract, abstract, chart, summary, note, or copy made therefrom—that is designated by Huber in response to the Subpoenas in the manner provided in paragraph 4 below as containing confidential, proprietary, or commercially or personally sensitive information that requires the protections provided in this Stipulated Protective Order.

4.      Where Confidential Information is produced, provided or otherwise disclosed by Huber in response to the Subpoenas, it will be designated in the below manner; provided, however, that Huber's inadvertent failure to designate any material as Confidential Information shall not be deemed a waiver of Huber's claim that such material is Confidential Information and Huber may designate such material as Confidential Information pursuant to this Order at any time thereafter.  At such time,

arrangement will be made for the return to Huber of all copies of the inadvertently misdesignated document(s) and for the substitution, where appropriate, of properly labeled copies of such documents. All previously produced copies of such documents that were inadvertently misdesignated shall be destroyed by the Receiver upon receipt of replacement copies of such documents with the proper designation. The Receiver shall verify in writing that it has destroyed said misdesignated documents.

5.    Huber may designate material as "Confidential" by imprinting the term "Confidential" on each page of any document produced that is so designated or next to or above any response to the Subpoenas.

6.    Confidential Information may be disclosed only to the following persons:

a.    The Receiver and any attorneys, accountants, agents, assigns, independent contractors, or other persons assisting and/or retained by the Receiver including attorneys of the law firm Carlson, Caspers, Vandenburgh, Lindquist & Schuman, P.A.; actual or potential experts or consultants retained by the Receiver for purposes of this litigation, and the employees of such firms; and service providers such as printing and document duplicating or management services;

b.    Witnesses and potential witnesses in connection with actual or potential testimony in this litigation, but only to the extent that the use and disclosure of Confidential Information to the witness or potential witness is necessary to determine the witness's knowledge of relevant facts or for the witness to testify, and only to the extent witnesses are advised of this Protective Order and agree to abide by as if they were signatories thereto;

c.   The Court, the jury at trial, and the Court's personnel working on this case;

d.   Court reporters, videographers, and their clerical personnel in connection with work on this case; and

e.   Any other person authorized to have access by Order of the Court, or by written agreement of all parties.

7.   Individuals authorized to review Confidential Information pursuant to this Order shall hold it in confidence and shall not divulge it, either verbally or in writing, to any other person, entity or government agency, unless authorized to do so by court order or, subject to paragraph 12(e), as required by subpoena.

8.   All Confidential Information, and any pleading, motion, or other paper filed with the Court containing or disclosing Confidential Information, that the Receiver seeks to file with the Court shall be submitted to the Clerk's Office in accordance with Local Rule 79.1.  The original and one copy of the proposed filing shall be delivered to the Clerk's Office, each in a separate sealed plain envelope clearly marked as "sealed document" endorsed with the caption of the action. The Receiver will contemporaneously file an original and a copy of the relevant motion to seal with the Clerk of Court.

9.   In the event of a disclosure by the Receiver of Confidential Information to persons or entities not authorized by this Order to receive such Confidential Information, the Receiver shall, upon learning of the disclosure: (i) immediately notify the entity or individual to whom the disclosure was made that the disclosure contains Confidential Information subject to this Order; (ii) immediately make reasonable efforts to recover the

disclosed Confidential Information as well as preclude further dissemination or use by the entity or individual to whom the disclosure was made; and (iii) immediately notify Huber of the identity of the entity or individual to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the Confidential Information and ensure against further dissemination or use of the Confidential Information.

10.     The termination of this action shall not relieve the Receiver or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Order.

11.     Upon termination of this litigation, including any appeals, the Receiver shall immediately return to Huber all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom, or shall at Huber's option destroy all such Confidential Information, and all extracts, abstracts, charts, summaries, notes, and copies made therefrom, and shall certify in writing to Huber that such destruction has been accomplished.  However, the Receiver shall be allowed to keep a complete set of all pleadings, correspondence, and the Receiver's work product even if those documents include reference to or inclusion of Confidential Information.

12.     Nothing in this Protective Order shall (a) be deemed to limit or restrict in any manner Huber's right to use, or to authorize or consent to the use of, its own Confidential Information, (b) be deemed to limit or restrict in any manner the Receiver's rights, if any,

to use any documents, materials, or information obtained independent of the Subpoenas, whether or not such documents, materials, or information are also obtained through the Subpoenas, (c) preclude the Receiver and Huber from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Confidential Information; (d) preclude the Receiver or Huber from filing a motion seeking further, more limited or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, (e) prohibit the Receiver from producing Confidential Information in its possession pursuant to a subpoena issued by any court, administrative or legislative body, or any other person purporting to have authority to subpoena such information; provided that, unless prohibited by law, notice of such subpoena and a copy of the subpoena and all written materials accompanying its service shall be given to Huber at least ten (10) business days prior to the production of any Confidential Information called for by the subpoena to afford Huber a reasonable opportunity to seek relief from the court or take such other action as it deems appropriate with respect to the subpoena; or (f) preclude the Receiver or Huber from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

**DONE AND ORDERED** this 4th day of February, 2013.

s/Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court